NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| AHMED ELMEHELMY, | : | |
| | : | Civ. No. 08-0386 (GEB) |
| Petitioner, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| ANDREA J. QUARANTILLO, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Respondent Andrea J. Quarantillo, New Jersey District Director of U.S. Citizenship & Immigration Services (the "Government") [Doc. 3] to dismiss the petition of Ahmed Elmehelmy ("Petitioner") for a hearing on his naturalization application pursuant to 8 U.S.C. § 1447(b) [Doc.1]. The Government seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. 3]. Alternately, the Government argues that if subject matter jurisdiction exists, the Court should remand this case to the Department of Homeland Security's Bureau of Citizenship and Immigration Services ("CIS"). (*Id.*) Petitioner has not opposed the Government's motion. The Court has considered the parties' submissions and decided this petition without oral argument pursuant to FED. R. CIV. P. 78. For the reasons that follow, the Court will remand this matter to CIS with instructions.

**I.     BACKGROUND**

Petitioner is an adult male who resides in Middlesex, N.J., and has been a lawful

permanent resident of the United States since March 8, 2001.  (Pet. at ¶ 1) [Doc. 1]  Petitioner asserts the following: (1) that he filed a form N-400 Application for Naturalization on December 20, 2004; (2) that he was fingerprinted by CIS on January 19, 2005; (3) that he participated in a hearing before CIS Officer Savini on August 31, 2005; (4) that on two occasions, January 24, 2006 and May 25, 2006, CIS informed him that his "name check" was still pending.  (Pet. at ¶¶ 2-7.) [Doc. 1]  Petitioner argues that he has satisfied all of the requirements for naturalization as a U.S. citizen and "would like to be sworn in as a United States citizen at the earliest possible moment."  (Pet. at ¶¶ 9-11.) [Doc. 1]  Petitioner claims that 120 days have passed since he was examined by CIS, and petitions this Court for relief pursuant to 8 U.S.C. § 1447(b).

The Government opposes this petition, and argues that Petitioner cannot yet be naturalized because certain statutorily mandated background checks have not been completed.  The Government argues that the Court should dismiss this petition pursuant to either FED. R. CIV. P. 12(b)(1) or 12(b)(6).  (Gov.'s Mot.) [Doc. 3].  Alternately, the Government argues that, if the Court has subject matter jurisdiction, this case should be remanded to CIS for further proceedings.  (*Id.*)

**II.     DISCUSSION**

    **A.  Standard of Review**

Federal Rule of Civil Procedure 12(b) provides, in part, that:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . (6) failure to state a claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b).

### 1. FED. R. CIV. P. 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Id.* at 1965-66 (*abrogating Conley's* standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  Id. at 1965.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### 2. FED. R. CIV. P. 12(b)(1)

The standard in a motion to dismiss based on subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), on the other hand, "is much more demanding . . . ." *Edlin Ltd. v. City of Jersey City*, No. 07-3431, 2008 U.S. Dist. LEXIS 41118, at *9 (D.N.J. May 23, 2008), *quoting Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  Indeed, "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion."

*Edlin*, 2008 U.S. Dist. LEXIS 41118, at *9, *quoting Hedges*, 404 F.3d at 750. Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.' *Talliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted), *quoting Turicentro v. Am. Airlines*, 303 F.3d 293, 300 (3d Cir. 2002). "If the defendant's attack is facial, the court may take all allegations in the complaint as true and 'may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.'" *Edlin*, 2008 U.S. Dist. LEXIS 41118, at *9, *quoting Liu v. Gonzales*, No. 07-1797, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007). When the challenge is factual, however, "there is no presumption of truthfulness to a plaintiff's claims in the complaint." *Edlin*, 2008 U.S. Dist. LEXIS 41118, at *10, *citing RLR Invs., LLC v. Town of Kearny*, No. 06-4257, 2007 U.S. Dist. LEXIS 44703, at *8 (D.N.J. June 20, 2007) (citations omitted).

    B. Application

        **1. The Government's Argument For Dismissal Pursuant To FED. R. CIV. P. 12(b)(1)**

The Government argues that the instant petition should be dismissed pursuant to FED. R. CIV. P. 12(b)(1) because this Court lacks subject matter jurisdiction. (Gov.'s Mot.) [Doc. 3] The Court disagrees. This specific argument has been considered and rejected by other courts within the District of New Jersey in cases that are factually indistinguishable from the one at bar. *See Daami v. Gonzalez, et al.*, No. 05-3667 (KSH), 2006 U.S. Dist. LEXIS 37539 (D.N.J. May 22, 2006)(denying the Government's motion to dismiss for lack of jurisdiction and remanding to CIS); *Kheridden v. Chertoff, et al.*, No. 06-4792 (SRC), 2007 U.S. Dist. LEXIS 13571 (D.N.J. February 27, 2007)(same); *Pak v. Gonzalez, et al.*, No. 07-282 (DMC), 2007 U.S. Dist. LEXIS

57642 (D.N.J. Aug. 6, 2007)(same); *Hawash v. Gonzalez, et al.*, No. 07-033 (JAP), 2007 U.S. Dist. LEXIS 73499 (D.N.J. Oct. 1, 2007)(same). Each of these decisions has concluded that the term "examination" as used in 8 U.S.C. § 1447(b) refers specifically to the examination, or interview, described in 8 C.F.R. § 335.2(a), and not the naturalization examination process as a whole. The Court finds this conclusion persuasive, and that it has jurisdiction over a petition filed pursuant to 8 U.S.C. § 1447(b) if the Government fails to make a determination on a naturalization application within 120 days of an applicant's examination, or interview, with the CIS. In this case, it is undisputed that Petitioner was interviewed by the CIS on August 31, 2005. (Pet. at ¶ 4; Cardinale Decl. at ¶ 9.) [Docs. 1, 3] It is further undisputed that Petitioner's application is still undecided more than 120 days after his interview with CIS. Therefore, this Court has jurisdiction pursuant to 8 U.S.C. § 1447(b).

**2. The Government's Argument For Dismissal Pursuant To Fed. R. Civ. P. 12(b)(6)**

The Government's argument that this Court cannot fashion meaningful relief and must dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6) also fails. This action is governed by 8 U.S.C. § 1447(b). That statute allows the district court jurisdiction to either, "determine the matter or remand the matter, with appropriate instructions, to the [CIS] to determine the matter." § 1447(b). As noted above, a complaint will survive a challenge under Fed. R. Civ. P. 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965-66 (2007) (*abrogating Conley's* standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, the instant petition must contain sufficient factual allegations to raise a right to relief

5

above the speculative level. Id. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Applied here, Petitioner has unquestionably provided plausible grounds that support his entitlement to naturalization, the relief he seeks. Petitioner has detailed every step he has taken in furtherance of his application, and it appears that the Government's background check - the completion of which is undeniably beyond Petitioner's control - is all that remains. Whether this Court may ultimately grant Petitioner the relief he seeks is not a consideration in the Rule 12(b)(6) analysis. *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citations omitted). Therefore, the Government's argument that this Court cannot fashion meaningful relief and must dismiss the petition pursuant to FED. R. CIV. P. 12(b)(6) fails.

### 3. The Court Will Remand To CIS

The Court has subject matter jurisdiction in this case. In light of that conclusion, the Government argues that the Court should remand this case to CIS for a decision following the completion of Petitioner's statutorily mandated background checks. The Court agrees, and will remand this case to CIS.[1] 8 U.S.C. § 1447(b) allows a district court to remand a matter to CIS with appropriate instructions. As noted, courts in the District of New Jersey have recently dealt with cases that are indistinguishable from the one at bar. In those cases, after finding subject matter jurisdiction, the court remanded with instructions that CIS promptly decide the instant application once all background checks are complete. *See Daami v. Gonzalez, et al.*, No. 05-

---

[1] The Court's decision to remand to CIS renders the Government's ripeness argument moot.

3667 (KSH), 2006 U.S. Dist. LEXIS 37539 (D.N.J. May 22, 2006)(remanding with instructions that CIS promptly adjudicate plaintiff's application upon receipt of completed background checks); *Kheridden v. Chertoff, et al.*, No. 06-4792 (SRC), 2007 U.S. Dist. LEXIS 13571 (D.N.J. February 27, 2007)(remanding with instructions that CIS use "best efforts" to expedite the background check process and to adjudicate plaintiff's application within 60 days of receipt of results); *Pak v. Gonzalez, et al.*, No. 07-282 (DMC), 2007 U.S. Dist. LEXIS 57642 (D.N.J. Aug. 6, 2007)(remanding with instructions to promptly adjudicate plaintiff's application upon receipt of completed background checks); *Hawash v. Gonzalez, et al.*, No. 07-033 (JAP), 2007 U.S. Dist. LEXIS 73499 (D.N.J. Oct. 1, 2007)(same). As the Petitioner has made no argument to the contrary, this Court will follow the well-reasoned conclusions in the decisions noted above. The Court will remand this case pursuant to 8 U.S.C. § 1447(b) with instructions that CIS adjudicate Petitioner's application promptly once all background checks are complete.

### III. CONCLUSION

For the foregoing reasons, the Court will remand this case to CIS with instructions that CIS adjudicate Petitioner's application promptly once all background checks are complete, and order this case CLOSED. An appropriate form of order accompanies this memorandum opinion.

Dated: December 10, 2008

                                                      /s/ Garrett E. Brown, Jr.
                                                      GARRETT E. BROWN, JR., U.S.D.J.